1
2
3                   UNITED STATES DISTRICT COURT
4                   EASTERN DISTRICT OF CALIFORNIA
5
6  CORNELIO VEDOLLA ESPINOZA,     ) 1:10-cv—01521-LJO-SKO-HC
                                  )
7                Petitioner,      ) ORDER DENYING PETITIONER'S MOTION
                                  ) FOR A CERTIFICATE OF
8                                 ) APPEALABILITY (DOC. 18)
9        v.                       )
                                  )
10 MIKE McDONALD, Warden,         )
                                  )
11               Respondent.      )
                                  )
12 _____)

13       Petitioner is a state prisoner proceeding pro se with a

14  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15  The matter has been referred to the Magistrate Judge pursuant to

16  28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending

17  before the Court is Petitioner's motion for a certificate of

18  appealability filed on May 23, 2011.

19       The docket reflects that on December 7, 2010, the Court

20  directed Respondent to file within sixty (60) days a response to

21  the petition that had been filed by Petitioner on August 23,

22  2010.  (Doc. 5.)  After receiving an extension of time,

23  Respondent timely filed an answer to the petition on March 7,

24  2011, in which the merits of the petition were addressed.  (Doc.

25  14.)  Petitioner did not file a traverse.  On May 23, 2011,

26  before any dispositive order had issued from the Court,

27  Petitioner filed a notice of appeal.  The notice of appeal did

28  not identify any order or judgment from which Petitioner

                                  1

purported to appeal.  On the same date, Petitioner filed the instant motion for certificate of appealability.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases in the District Courts.

The Court of Appeals has jurisdiction of appeals from "all final decisions" of the district courts except where direct review may be had in the Supreme Court.  28 U.S.C. § 1291. Pursuant to 28 U.S.C. § 1291, a judgment is final for purposes of appeal when it 1) is a full adjudication of the issues, and 2) clearly evidences the judge's intention that it be the court's final act in the matter.  Patel v. Del Taco, Inc., 446 F.3d 996, 1000 (9th Cir. 2006).

Here, no final decision has been made in Petitioner's case because the issues have not been adjudicated.

Therefore, there is no final order before the Court that is adverse to the applicant within the meaning of habeas Rule 11(a).

Accordingly, because it would be premature to issue a certificate of appealability, it is ORDERED that Petitioner's motion for a certificate of appeal is DENIED.

IT IS SO ORDERED.

**Dated:    June 8, 2011**                         **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE